FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.

★ OCT 24 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

STEVE JACOBS,

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
13-CV-5080 (CBA) (VVP)

Plaintiff,

-against-

CARL GIRAULT; TRI PARTNERS FUNDING
CORP - DANNY NOBLE; BROOKLYN TITLE
INC - DANNY NOBLE; CARISSA RAZON;
71 CARLTON LLC; GMAC MORTGAGE;
JOHN DOE AND JANE DOE 1-12; and
ALL AGENTS, CONTRACTORS and
REPRESENTATIVES ET AL.,

Defendants.

---------------------------------------------------------x

AMON, Chief United States District Judge.

Pro se plaintiff Steve Jacobs filed the instant complaint on September 12, 2013, and has

paid the requisite filing fee. For the reasons discussed below, the complaint is dismissed for lack

of subject matter jurisdiction.

## BACKGROUND

Jacobs's allegations stem from real property located at 71 Carlton Avenue in Brooklyn,

New York. Jacobs alleges that in 2006, he and the owner at the time, defendant Carissa Razon,

entered into a verbal agreement wherein Jacobs would maintain the property in exchange for free

room and board. (Compl. at 2.) Although unclear, it appears that the property was subsequently

sold or transferred to other individuals. On July 15, 2013, defendant 71 Carlton LLC, claiming to

1

be the present owner, served Jacobs with a 10 Day Notice to Quit seeking possession of the premises. (Id. at 4.) On July 25, 2013, Jacobs replied to the notice "with conditional demands and stipulations for proof of verification and validation of said Ownership . . . ." (Id.) Jacobs seeks to remain in the premises and to be reimbursed for, inter alia, "the upkeep and out-of-pocket expenses related to" the property. (Id. at 4-6.)

## STANDARD OF REVIEW

Although Jacobs is proceeding pro se, and his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), he still must establish that the Court has subject matter jurisdiction over his action, see, e.g., Dockery v. Cullen & Dykman, 90 F. Supp. 2d 233, 235-36 (E.D.N.Y. 2000) (dismissing pro se complaint for lack of subject matter jurisdiction). Furthermore, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court sua sponte. Id. at 700-01. Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009)

2

(internal quotation marks omitted).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides for federal question jurisdiction and Section 1332 provides for jurisdiction based on diversity of citizenship. Id. Here, there is no indication in the complaint that diversity jurisdiction might exist: The addresses provided for Jacobs and for all but one of his named defendants are in New York, see Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." (internal quotation marks omitted)).

Nor does jurisdiction exist under § 1331. "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513. Although Jacobs cites to various federal statutes, his complaint nonetheless fails to present a federal question. Jacobs's essential allegation is that he has been wrongfully evicted from the premises in which he has been living. This Court lacks subject matter jurisdiction over such a claim. See McMillan v. Dep't of Bldgs., No. 12-CV-318, 2012 WL 1450407, at *2 (E.D.N.Y Apr. 26, 2012) ("Wrongful eviction claims . . . are state law claims, and this Court lacks subject matter jurisdiction over them."); see also Rosen v. N. Shore Towers Apartments, Inc., No. 11-CV-00752, 2011 WL 2550733, at *4 (E.D.N.Y. June 27, 2011); Kheyn v. City of New York, Nos. 10-CV-3233, 10-CV-3234, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010).

3

## CONCLUSION

Jacobs's complaint is dismissed for lack of subject matter jurisdiction. The dismissal is without prejudice to Jacobs commencing an appropriate action or proceeding in a state court with appropriate jurisdiction. Although Jacobs paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and in forma pauperis status is therefore denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-46 (1962). The clerk of court is directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       October 23, 2013

                                              s/Carol Bagley Amon

                                              Carol Bagley Amon
                                              Chief United States District Judge

4